Case 1:21-cv-00096   Document 12   Filed on 01/25/22 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
January 25, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:21-cv-96 |
| | § | |
| $99,350.00, MORE OR LESS, | § | |
| IN UNITED STATES CURRENCY, | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

On July 6, 2021, the United States commenced an in rem forfeiture proceeding against $99,350 in United States currency. Dkt. No. 1. The Government alleged that the currency was given in exchange for a controlled substance.

The Government lawfully served all potential claimants, both by publication and by sending notice to the last known owner of the currency. No one appeared as a claimant on behalf of the currency.

The Government has moved for a default judgment and an order of forfeiture. Dkt. No. 8.

After reviewing the record and the relevant case law, it is recommended that the motion for default judgment be granted, and an order of forfeiture be issued in favor of the United States Government.

**I. Background**

    **A. Factual Background**

The complaint alleges that on January 6, 2021, Daniel Morales "received and transported bulk cash proceeds from the sale of cocaine." Dkt. No. 1, p. 2. The transaction was witnessed by law enforcement and the cash proceeds from the sale were found in his vehicle. Id., p. 3. The Government alleges that the cash is subject to forfeiture because it was "used or intended to be used to facilitate a violation of the Controlled Substances Act." Id. Because the owner of the cash has not appeared or otherwise defended against the action, the Court accepts the well-pled factual allegations in the complaint as true. Meyer

v. Bayles, 559 F. App'x 312, 313 (5th Cir. 2014) (citing Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)).

### B. Procedural Background

On July 6, 2021, the United States filed an in rem complaint seeking the forfeiture of the United States currency seized in the drug arrest. Dkt. No. 1. The United States published notice of the forfeiture action on an official government website for at least 30 consecutive days between July 8, 2021, and August 6, 2021. Dkt. No. 4.

On September 25, 2021, the Government also sent notice via certified mail, return receipt requested, to Morales' last known address – because he was the last known owner of the currency – as well as his wife, Laura Esquivel. Dkt. No. 5-2. These actions sufficed as service, pursuant to Rule G(4)(a)(iv)(C) and Rule G(4)(b)(i) of the Supplemental Rules of Admiralty or Maritime Claims and Asset Forfeiture Actions. No party has filed a claim or answer and the time for doing so has expired.

On October 27, 2021, the Government filed a motion for entry of default against the owners of the currency. Dkt. No. 5. On November 18, 2021, the motion for entry of default was granted and an entry of default was issued by the District Clerk. Dkt. Nos. 6, 7.

On December 9, 2021, the Government filed a motion for the forfeiture of the currency. Dkt. No. 8. No person has appeared to file a response.

## II. Applicable Law

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). After a defendant has defaulted, judgment shall be entered upon affidavit of the amount due if the plaintiff's claim is for a sum certain or a sum that can be made certain by computation. FED. R. CIV. P. 55(b). The plaintiff must file an affidavit stating whether the defendant is in military service before the Court can issue a default judgment. 50 U.S.C. § 3931(b)(1).[1]

---

[1] The Court finds that this statute does not apply in this case; the statute speaks of "defendants" rather than "claimants." The Court can find no case law holding that this statute applies to servicemembers who are potential claimants, rather than defendants. However, even if this

Default judgments "are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." Lewis v. Lynn, 236 F.3d 766, 767 (5th Cir. 2001) (citing Sun Bank of Ocala v. Pelican Homestead and Savings Ass'n., 874 F.2d 274, 276 (5th Cir.1989)). The plaintiff "is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." Settlement Funding, LLC v. TransAmerica Occidental Life Ins. Co., 555 F.3d 422, 424 (5th Cir. 2009).

"In order to properly resolve the Government's Motion, the Court must determine: (1) whether default judgment is procedurally warranted; (2) whether the Government's Complaint sufficiently sets forth facts establishing that it is entitled to relief; and (3) what form of relief, if any, the Government should receive." United States v. Giles, 538 F. Supp. 2d 990, 993 (W.D. Tex. 2008).  After a default judgment, the plaintiff's well-pleaded factual allegations are taken as true. U.S. for Use of M-Co Constr., Inc. v. Shipco Gen., Inc., 814 F.2d 1011, 1014 (5th Cir. 1987).

Money that is used in exchange for a controlled substance is subject to forfeiture to the United States. 21 U.S.C. § 881(a)(6).

**III. Analysis**

The Court must address both whether the default judgment is procedurally warranted and whether is substantively warranted.  The Court finds that the judgment meets both standards.

**A. Procedurally Warranted**

In considering whether to enter default judgment, a court should first consider whether such entry is procedurally warranted. Lindsey v. Prive Corp., 161 F.3d 886, 893 (5th Cir. 1998).  The Court must consider: (1) "whether material issues of fact are at issue"; (2) "whether there has been substantial prejudice"; (3) "whether the grounds for default are clearly established"; (4) "whether the defendant's default was caused by a good faith mistake or excusable neglect"; (5) "the harshness of a default judgment"; and (6) whether the Court would feel obligated to set aside a default on the defendant's motion. Id. The

---

statute were to apply in this case, the Government has submitted an affidavit that Morales, the last known owner of the currency, is not in military service. Dkt. No. 10.

Court has the discretion to determine whether default judgment is procedurally warranted. Id.

All of the Lindsey factors favor default judgment. Because the owner of the property has not appeared, the Court accepts all of the well-pled allegations in the complaint as true. Accordingly, there is no dispute of material fact. Meyer, 559 F. App'x at 313.

The owner's failure to file a claim has brought the litigation to a standstill, prejudicing the Government. U.S. v. Fincanon, 2009 WL 301988, at *2 (N.D. Tex. Feb. 6, 2009). The grounds for default are clearly established, as the Government has met the requirements for proper service. Dkt. No. 6. There is no basis in the record to conclude that the owner's failure to respond was a good faith mistake, which also mitigates the harshness of a default judgment. Lastly, there is no basis in the record to conclude that the Court would be obligated to set aside the entry of default or a default judgment. A default judgment is procedurally proper in this case.

**B. Substantively Warranted**

Default judgment is also substantively warranted in this case. The well-pled allegations in the complaint are that Morales accepted the money in exchange for a controlled substance. Dkt. No. 1. Such currency is subject to forfeiture to the United States. 21 U.S.C. § 881(a)(6). The well-pled allegations in the complaint, assumed to be true, entitled the United States to the relief it seeks. Wooten v. McDonald Transit Assocs., Inc., 788 F.3d 490, 496 (5th Cir. 2015).

As such, the Court should issue a default judgment that the property be condemned as forfeited to the United States to be disposed of according to law.

**IV. Recommendation**

It is recommended that the motion for default judgment filed by the United States be granted. Dkt. No. 8.

The Court should issue a default judgment, holding that the defendant currency, $99,350.00, in United States currency, is forfeited to the United States, with all right, title, and interest vesting in the United States. Any persons or entities that could claim any right,


Court has the discretion to determine whether default judgment is procedurally warranted. Id.

All of the Lindsey factors favor default judgment. Because the owner of the property has not appeared, the Court accepts all of the well-pled allegations in the complaint as true. Accordingly, there is no dispute of material fact. Meyer, 559 F. App'x at 313.

The owner's failure to file a claim has brought the litigation to a standstill, prejudicing the Government. U.S. v. Fincanon, 2009 WL 301988, at *2 (N.D. Tex. Feb. 6, 2009). The grounds for default are clearly established, as the Government has met the requirements for proper service. Dkt. No. 6. There is no basis in the record to conclude that the owner's failure to respond was a good faith mistake, which also mitigates the harshness of a default judgment. Lastly, there is no basis in the record to conclude that the Court would be obligated to set aside the entry of default or a default judgment. A default judgment is procedurally proper in this case.

**B. Substantively Warranted**

Default judgment is also substantively warranted in this case. The well-pled allegations in the complaint are that Morales accepted the money in exchange for a controlled substance. Dkt. No. 1. Such currency is subject to forfeiture to the United States. 21 U.S.C. § 881(a)(6). The well-pled allegations in the complaint, assumed to be true, entitled the United States to the relief it seeks. Wooten v. McDonald Transit Assocs., Inc., 788 F.3d 490, 496 (5th Cir. 2015).

As such, the Court should issue a default judgment that the property be condemned as forfeited to the United States to be disposed of according to law.

**IV. Recommendation**

It is recommended that the motion for default judgment filed by the United States be granted. Dkt. No. 8.

The Court should issue a default judgment, holding that the defendant currency, $99,350.00, in United States currency, is forfeited to the United States, with all right, title, and interest vesting in the United States. Any persons or entities that could claim any right,

title or interest in the Defendant property are in default and are divested of any right, title or interest that they could claim.

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge. 28 U.S.C. § 636(b)(1).  A party filing objections must specifically identify the factual or legal findings to which objections are being made.  The District Judge is not required to consider frivolous, conclusive, or general objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting those findings.  If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except upon grounds of plain error. Alexander v. Verizon Wireless Servs., L.L.C., 875 F.3d 243, 248 (5th Cir. 2017).

DONE at Brownsville, Texas on January 25, 2022.

_____
Ronald G. Morgan
United States Magistrate Judge